NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2700
_____

CHARLES JARAMILLO; FUEL CITY, LLC; PA AUCTION COMPANY, d/b/a
"Bogey's"; HOT STYLEZ BOUTIQUE, INC.; DOUGLAS LAMBERT, III; STEPHEN
SMITH; SHIRLEY PARKER,
Appellants

v.

CITY OF COATESVILLE; LINDA LAVENDAR-NORRIS; CARMEN GREEN;
MICHAEL TRIO; SCOTT MULDERIG; JOHN W. LAUFER, III; MARANATHA
EVANGELISTIC TEMPLE CHURCH, a/k/a Maranatha Evangelistic Temple
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-04936)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 17, 2024
_____

Before: RESTREPO, PHIPPS, and McKEE, *Circuit Judges*

(Opinion filed: August 6, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Plaintiffs Charles Jaramillo and six of his tenants appeal the District Court's grant of Defendants' motion for summary judgment. Plaintiffs claim that Defendants violated their rights to equal protection of the laws, freedom from unreasonable seizures, and procedural due process. For the reasons set forth below, we will affirm.[1]

## I.

Plaintiffs assert that its equal protection rights were violated when the City of Coatesville ("the City") evicted its commercial and residential tenants from land located at 239, 245, 247, and 249 East Lincoln Highway ("the Properties").[2] Plaintiffs claim that Defendants treated them differently than Maranatha Evangelistic Temple – the previous owner and occupant of the Properties.[3] They base their claim on the class-of-one theory. To state a claim under that theory, Plaintiffs must show that the City treated Jaramillo differently than similarly situated comparators and that it did so intentionally and without a rational basis.[4] Plaintiffs have not satisfied any of the elements.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment *de novo*. *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 708 (3d Cir. 2019). Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, we "view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor." *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006).

[2] Because we must view the evidence in the light most favorable to the Plaintiffs, we assume that the contract dated October 7, 2015, between Jaramillo and Maranatha was valid, and Jaramillo had a right to occupy and manage the Properties. Opening Br. 5-6.

[3] Plaintiffs claim they were forcibly evicted from the Properties, when the standard procedure for a failure to obtain permits were fines and citations. Opening Br. 14.

[4] *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Persons are "similarly situated" for equal protection purposes when they are alike "in all relevant aspects."[5] Maranatha is not a similarly situated comparator to Jaramillo. Although Jaramillo and Maranatha were both at one point owners of the Properties, Maranatha's congregants were forced to vacate because of a heating system issue, while Jaramillo's tenants were forced to vacate because of code violations caused by a dispute of ownership. Plaintiffs have not identified any other party who sought to have the City process permits, while, at the same time, dealing with a dispute of ownership and a defective fire alarm. Even if Maranatha and Jaramillo were comparators, there is no evidence that any differential treatment was *intentional.* Further, the City's safety concerns over the lack of inspections and possible defective fire alarm were a rational basis to shut down the Properties. Jaramillo's tenants were given ten days to bring the properties into compliance in comparison to Maranatha's congregants who needed to immediately vacate. Therefore, the District Court properly granted summary judgment in favor of the Defendants on this claim.

## II.

Plaintiffs' Fourth Amendment claim fares no better. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[6] "A seizure of property occurs where there is some meaningful interference with an individual's possessory interests in

---

[5] *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).
[6] U.S. Const. amend. IV.

3

that property."[7] Plaintiffs claim that the City seized their possessory interest in the Properties when it ordered its tenants to vacate.

Plaintiffs also take issue with the fact that the District Court cited an affidavit by the Fire Chief Gary Alderman which detailed the safety concerns that existed on the Properties. This affidavit was submitted in connection with the Common Pleas Court litigation. Plaintiffs argue that res judicata applies because the litigation was ultimately dismissed.

Plaintiffs fail to plead facts showing that the seizures were unreasonable.[8] Plaintiffs do not contest the City's safety concerns over the Properties. Further, the July 2, 2018, Common Pleas Court order denied the City's request for a preliminary injunction without prejudice and stated that relief was available under other then-pending actions.[9] Therefore, the court order did not constitute a final judgment on the merits for purposes of res judicata.[10]

**III.**

---

[7] *Soldal v. Cook Cnty.*, 506 U.S. 56, 63 (1992) (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)) (internal citations omitted).

[8] *See Cinea v. Certo*, 84 F.3d 117, 124 (3d Cir. 1996) ("[A] seizure of property only violates the Fourth Amendment if it is unreasonable.").

[9] *See Venuto v. Witco Corp.*, 117 F.3d 754, 759 (3d Cir. 1997) (highlighting circuits that have held that claims dismissed "without prejudice" are not barred by res judicata).

[10] *See Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) ("A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008))).

Plaintiffs' due process claim is misguided. It is Plaintiffs' burden to show that "the procedures available to [them] did not provide due process of law."[11] Plaintiffs have not shown what process they were owed nor that any such process was denied. Therefore, Plaintiffs failed to carry their burden.

## IV.

For the reasons above, we will affirm the judgment of the District Court.

---

[11] *Mulholland v. Gov't Cnty.*, 706 F.3d 227, 238 (3d Cir. 2013) (internal citations omitted); *see also Iles v. de Jongh*, 638 F.3d 169, 173 (3d Cir. 2011) ("'[T]o establish a procedural due process claim, a plaintiff must demonstrate that '(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law.'" (quoting *Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 219 (3d Cir. 2009))).